**Danny JOHNSON, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–15662.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1970.

Danny Johnson, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

## MEMORANDUM OPINION AND ORDER VACATING MEMORANDUM OPINION OF NOVEMBER 19, 1969

BUSSEY, Judge.

This matter comes on for reconsideration by motion of the Attorney General to recall this court's memorandum opinion issued on November 19, 1969, in the above styled and numbered cause, which reversed petitioner's conviction and ordered a new trial in the district court. The Attorney General, in requesting that the court reconsider its opinion, alleges that the court was misled and mistaken as to the facts which supported its decision.

This Court's decision of November 19, 1969, granted the petitioner, Danny Johnson, a new trial in the apparent belief that petitioner's case was identical to that of Wade Adams in whose appeal, Case No. A–15,516, this Court granted a new trial

for the reason that the court reporter was unable to prepare a transcript of defendant's trial in order to perfect an appeal. Adams v. State, Okl.Cr.App., 462 P.2d 349. However, upon reconsideration and having reviewed records subsequently supplied, it appears that the facts in the instant proceeding and the facts in the Wade Adams case are quite different.

Petitioner Danny Johnson and Wade Adams were co-defendants, charged together in the District Court of Mayes County, Case No. 1820. They were tried jointly and represented by court-appointed counsel, Mr. Edwin Moore. The jury returned a verdict on July 6, 1966, finding both defendants guilty and assessing their punishment at five years imprisonment each, at which time oral notice to appeal was given in open court. Sentencing was passed to a later date and on August 5, 1967, Edwin Moore was given leave to withdraw as counsel with the court appointing J. Ralph Moore to represent petitioner Danny Johnson. On August 8, 1968, Danny Johnson, with his court-appointed counsel, came before the district court at which time his Motion for New Trial was overruled and judgment and sentence imposed in accordance with the verdict of the jury. The court minutes indicate that no notice of appeal or request for a transcript of the trial was made on behalf of Danny Johnson. The court's records are void of any indication after August 8, 1968, of efforts by Danny Johnson or his court-appointed counsel to initiate or effect an appeal.

The appearance docket indicates that the trial court appointed Gary Dean to represent defendant Wade Adams who appeared for sentencing on June 2, 1969. No explanation is offered for the considerable delay in sentencing Wade after Johnson. After Wade Adams had been sentenced to five years imprisonment in accordance with the jury verdict, a Motion for New Trial was filed and defendant ordered to remain in the county jail pending its determination. On July 25, 1969, defendant Wade Adams, with his counsel, Gary Dean, appeared in open court, at which time his Motion for New Trial was overruled, intent to appeal given and appeal bond set in the amount of $5,000.00. On August 1, 1969, the district court, upon finding Wade Adams an indigent, ordered trial transcript and appeal to be paid by the State. Thereafter, counsel perfected a timely appeal for defendant Wade Adams in which this Court issued its memorandum opinion dated October 8, 1969, reversing the judgment and sentence and remanding it for a new trial for the reason that a transcript of the trial could not be prepared. Adams v. State, supra.

We thus find that Wade Adams in Case No. 15,516 was before this Court on a timely appeal 'from his conviction, whereas petitioner Danny Johnson made no effort to appeal his conviction and is before this court in the instant proceeding on a petition for writ of habeas corpus. If petitioner Danny Johnson had desired an appeal out of time, he should have so stated, but his application is void of any allegation that he was denied the right to appeal his conviction within the time allowed by law. Accordingly, he has stated no basis for the granting of an appeal out of time as authorized by 22 O.S. § 1073. Petitioner Danny Johnson would not be entitled to reversal of his conviction and remand for a new trial for the reason that a transcript of the trial could not be prepared for appellate review, since he made no effort to seek a timely appeal of his conviction. Simply because his codefendant, sentenced at a later date, did file a timely appeal does not automatically afford petitioner with the same benefits. Since petitioner did not seek a timely appeal of his conviction, it is not necessary to review a transcript of the trial and, accordingly, no purpose would be served in granting him a new trial because a transcript of the original trial cannot be prepared at this time. Thus, petitioner is not entitled to any relief by way of his application filed herein.

It is therefore the order of this Court that the Memorandum Opinion dated No-

vember 19, 1969, in this proceeding, Case No. A–15,662, be vacated, set aside and held for naught, and the mandate recalled. Petitioner's conviction and the judgment and sentence imposed thereon on August 8, 1968, in Case No. 1820, shall remain as entered in the District Court of Mayes County, disregarding this Court's opinion of November 19, 1969. Furthermore, finding no basis for the granting of any relief in the application herein, or the necessity for further proceedings, it is hereby ordered that petitioner's petition for writ of habeas corpus be denied.

BRETT, P. J., and NIX, J., concur.